Filing # 72988069 E-Filed 06/01/2018 05:48:54 PM

FILED

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

2018 JUL -2 AM 10: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CASE NO.:

CORAL REEF METRO, LLC,

2:18-cv-460-FtM-38CM

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CORAL REEF METRO, LLC (hereinafter, "Plaintiff" and "Coral Reef"), by and through the undersigned attorneys, brings this action against the Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter, "Defendant" and "Scottsdale"), and alleges the following:

### GENERAL ALLEGATIONS, JURISDICTION, AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorney fees.

2. At all material times relevant to this Complaint, CORAL REEF METRO, LLC has been and is the owner of real and personal property in the State of Florida at 4415 Metro Parkway, Fort Myers, FL 33916 (hereinafter, the "Property"), and is otherwise *sui juris*.

3. Defendant, SCOTTSDALE INSURANCE COMPANY, has been and is now a foreign corporation that is authorized to engage in the business of insurance with Florida citizens, regularly conducts business in LEE County, and is otherwise *sui juris*.

1

4. In consideration for the premiums paid to it, Defendant issued CORAL REEF METRO, LLC, a valid, binding, and enforceable policy of insurance bearing Policy No. CPS2668614 (hereinafter, the "Policy"), that insured the Property between April 1, 2017 and April 1, 2018. A true and correct copy of the Policy is attached hereto and incorporated herein as <u>Exhibit A</u>.

5. The insurance Policy is an "all risk" policy that covers all direct physical losses to the Property that are not otherwise expressly excluded.

6. The insurance Policy was in full force and effect on or about September 10, 2017.

7. On or about September 10, 2017, the Plaintiff's Property sustained direct physical loss caused by windstorm and/or ensuing losses (hereinafter, the "Loss").

8. Damage caused by windstorm and/or ensuing losses are covered under the Policy.

9. Damage caused by windstorm and/or ensuing losses are not expressly excluded from the Policy.

10. Plaintiff timely notified Defendant of the Loss.

11. Defendant responded to the Loss by opening claim number 01789620 (hereinafter, the "Claim").

12. The damage for the Loss and Claim as alleged herein arose as a direct and proximate result of windstorm, and/or ensuing losses that occurred on or about September 10, 2017.

13. Defendant has been afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

14. The Defendant did inspect the Loss and the Property in its investigation of the Claim.

2

15. Defendant afforded coverage for the Claim.

16. Defendant paid Policy benefits on the Claim after it reduced the coverage by the Policy's deductible and depreciation.

17. Through its payment on the Claim, Defendant admitted liability for the Loss.

18. The amount paid by the Defendant is inadequate to perform the repairs necessary to Plaintiff's Property as a result of the Loss.

19. Defendant partially denied the Claim.

20. Defendant refused and/or failed to pay the Plaintiff additional insurance Policy benefits for the Claim.

21. The subject Policy of insurance involved herein was issued by the Defendant to Plaintiff in LEE County, Florida, and covers real property located in LEE County, Florida. Additionally, the cause of action arose in LEE County, Florida. As such, venue is proper in LEE County pursuant to Fla. Stat. § 47.051.

22. Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the above Policy, or maintain the instant suit for the breach or declaration of said Policy. Alternatively, Defendant has waived or never had standing to assert any prerequisites, whether denominated as conditions precedent, duties after loss, or otherwise.

## COUNT I - BREACH OF CONTRACT

23. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein and further states:

24. This is a cause of action for breach of contract arising out of an insurance Policy that was in effect at the time of the Loss to the insured Property.

3

25. On or about September 10, 2017, the Plaintiff's insured Property sustained direct, physical Loss caused by windstorm, and/or ensuing losses.

26. The Loss at the insured Property has caused Plaintiff to suffer economic damages and substantial hardship as a result of a covered loss to the insured Property, and Plaintiff continues to suffer the Loss.

27. Plaintiff timely notified Defendant of the Loss and filed the Claim in accordance with the terms and conditions of the Policy.

28. Defendant fully inspected the Property and was provided the full opportunity to evaluate the Loss, cause of loss, and amount of damages.

29. Defendant paid Policy benefits on the Claim.

30. Defendant admitted liability for the Loss through payment on the Claim.

31. The amount of Policy benefits the Defendant paid is inadequate to complete the repairs to the Property required by the Loss.

32. Defendant partially denied contractual liability for the Loss and Claim.

33. Defendant failed and/or refused to honor the contractual coverage in the Policy by failing and/or refusing to fully compensate Plaintiff by failing and/or refusing to pay the correct amount of benefits owed under the Policy for the Claim based on the Loss.

34. Plaintiff suffered damages including, but not limited to, insurance benefits under the Policy and damages from Defendant's breach of the insurance Policy.

35. Plaintiff at all times cooperated with Defendant in the adjustment of the Claim.

36. Plaintiff also complied with all of its obligations under the Policy, or in the alternative, has been excused from performance by the acts, representations, omissions, or conduct of Defendant.

4

37. Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered Loss sustained. Defendant's failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

38. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorneys. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus costs. Plaintiff is entitled to reimbursement of these fees and costs by the Defendant.

39. Should Plaintiff prevail in this action, it shall be entitled to interest from the date of the loss or date of the breach, as prescribed by Florida law.

40. Plaintiff respectfully requests that the Court enter an Award of general compensatory damages, interest, attorneys' fees and costs including a contingency fee multiplier, and any and all other relief deemed just and appropriate by this Honorable Court.

WHEREFORE Plaintiff respectfully requests this Court enter an Award of all:

A. General compensatory damages;

B. Interest;

C. Attorneys' fees and costs associated with the instant litigation;

D. Costs incurred as a result of the instant litigation; and,

E. Any such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CORAL REEF METRO, LLC, demand a trial by jury on all issues so triable.

Dated: June 1, 2018.

         **GEYER FUXA TYLER**
490 Sawgrass Corporate Parkway, Ste. 110
Sunrise, FL 33325
Tel: (954) 990-5251
Fax: (954) 990-4346
pleadings@gftlawfirm.com
*Attorneys for Plaintiff*

*/s/ Jeremy Tyler*
**Jeremy F. Tyler, Esq.**
Florida Bar No.: 77115
**W. Wyndham Geyer, Jr., Esq.**
Florida Bar No.: 330418
**Andrew Fuxa, Esq.**
Florida Bar No.: 94241