UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORAL REEF METRO, LLC,

       Plaintiff,

v.                                 Case No:  2:18-cv-460-FtM-38CM

SCOTTSDALE INSURANCE
COMPANY,

       Defendant.

_____

REPORT AND RECOMMENDATION[1]

       This matter comes before the Court upon review of Plaintiff's Motion to Compel Appraisal and Stay Proceedings.  Doc. 22.[2]  Defendant Scottsdale Insurance Company ("Scottsdale") responded in opposition, and Plaintiff filed a reply brief.  Docs. 26, 31.  For the reasons stated herein, the Court recommends the motion be granted and the case be stayed pending appraisal.

      **I.       Background**

       Plaintiff initially filed this case against Scottsdale in the Twentieth Judicial Circuit Court in and for Lee County, Florida on June 1, 2018, and on July 2, 2018, Scottsdale removed the case to this Court based on diversity jurisdiction.  Docs. 1, 2.  According to Plaintiff's Complaint,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff had an insurance policy, Policy No. CPS2668614 (the "Policy"), through Scottsdale insuring a property from April 1, 2017 through April 1, 2018.  Doc. 2 ¶¶ 2-4.  On or about September 10, 2017, the property sustained physical damage and losses due to Hurricane Irma.  *Id.* ¶ 7; *see* Doc. 22 at 1.  Plaintiff filed a claim with Scottsdale for the losses, and Scottsdale inspected the property.  Doc. 2 ¶¶ 10-14.  Although Scottsdale afforded coverage for the claim and paid Plaintiff benefits under the Policy, it partially denied the claim.  *Id.* ¶¶ 15-20.  Plaintiff alleges Scottsdale's failure to fully compensate Plaintiff for the losses breached the Policy.  *Id.* ¶¶ 23-40.

> The Policy addresses appraisal as follows:
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
>
> a. Pay its own chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Doc. 2-1 at 90.  Plaintiff estimates Hurricane Irma caused damage costing approximately $942,030.00, and Scottsdale estimated the amount of damage to be $25,215.22.  Doc. 22 at 1.  Given the disputed amount of loss, Plaintiff made a written demand for appraisal of the loss pursuant to the Policy on August 14, 2018, but Scottsdale rejected the demand on September 4, 2018.  *Id.* at 3; *see* Doc. 22-3, Doc. 22-4.  Plaintiff thus filed the present motion on September 4, 2018 seeking to compel appraisal, to which Scottsdale responded in opposition.  Docs. 22, 26.  Plaintiff also filed a reply brief.  Doc. 31.  The matter is ripe for judicial review.

**II.      Analysis**

"Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question," but a dispute regarding the amount of the loss may be subject to appraisal. *McPhillips v. Scottsdale Ins. Co.*, No. 2:18-cv-421-FtM-99CM, 2018 WL 3805865, at \*2 (M.D. Fla. Aug. 10, 2018) (citing *Gonzalez v. Am. Sec. Ins. Co.*, No. 8:15-cv-1515-36EAJ, 2015 WL 12852303, at \*4 (M.D. Fla. Nov. 10, 2015); *Freeman v. Am. Integrity Ins. Co. of Fla.*, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015)).   Appraisal provisions in insurance policies generally are treated the same as arbitration clauses, and thus "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at \*2 (M.D. Fla. July 29, 2016) (citing *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009); *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)).   A party waives the right to appraisal, however, if it extensively litigates the amount of loss or otherwise acts inconsistently with its appraisal rights.   *See Bullard Bldg. Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 806CV-1194T-27MSS, 2006 WL 2787850, at \*1 (M.D. Fla. Sept. 26, 2006) (citing *Shoma Dev. Corp. v. Rodriguez*, 730 So.2d 838 (Fla. 3d DCA 1999); *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So.2d 1170, 1172 (Fla. 3d DCA 1997)).

Here, Plaintiff argues the Policy's appraisal clause mandates appraisal if requested by a party.  Doc. 22 at 4.  Plaintiff claims it requested appraisal on August 14, 2018 to resolve a dispute regarding the amount of loss, and thus, under the terms of the Policy, Scottsdale had to proceed with appraisal.  *Id.*  Scottsdale does not challenge that the parties dispute the amount of the loss or that the Policy's appraisal clause is mandatory when properly invoked.  Doc. 26 at 2. Scottsdale argues, however, that Plaintiff waived its right to appraisal by filing the present lawsuit

and actively participating in it.  *Id.* at 2-4.   Scottsdale contends it has been prejudiced by Plaintiff's decision to sue because it had to incur legal fees and costs that could have been avoided if Plaintiff timely demanded appraisal.  *Id.* at 4-5.   Scottsdale also asserts that if the Court determines appraisal is appropriate, the Court should require the appraisal to include "a line itemization of damages and delineation of scope in the appraisal award to [expedite] any future coverage issues or defenses that may arise."  *Id.* at 5-7.

Because the parties dispute the amount of the loss, the Court recommends appraisal is appropriate.  *See McPhillips*, 2018 WL 3805865, at *2.   The Court also recommends Plaintiff has not waived its right to appraisal.   First, Plaintiff's request for appraisal is not untimely. Florida and federal courts have found parties can invoke an appraisal provision in an insurance policy after commencement of litigation if the provision does not require the right be asserted prior to filing of a suit.  *See, e.g.*, *Reynolds Ventures, Inc. v. Scottsdale Ins. Co.*, No. 2:18-cv-306-FtM-29MRM, 2018 WL 4215947, at *3 (M.D. Fla. Sept. 5, 2018); *Castilla*, 18 So.3d at 705.   Here, the Policy contains no requirement that a party invoke the right to appraisal prior to commencing litigation.  Doc. 2-1 at 90.

Second, Plaintiff has not acted inconsistently with its right to appraisal.   Although Plaintiff corresponded with Scottsdale about its affirmative defenses, Plaintiff invoked its right to appraisal less than two months after the case was removed to federal court and before propounding any discovery or engaging in motion practice.  *See* Doc. 22 at 6; Doc. 26 at 4; *Marram Corp. v. Scottsdale Ins. Co.*, No. 2:18-cv-204-FtM-38MRM, 2018 WL 4346809, at *4 (M.D. Fla. Aug. 21, 2018), *report and recommendation adopted*, 2018 WL 4333618 (M.D. Fla. Sept. 11, 2018); *see also generally* Docket.   Further, Plaintiff repeatedly mentioned to Scottsdale its intention to seek appraisal.  *See* Doc. 31 at 3-4; Doc. 31-1 at 2-4, 6; Doc. 31-2 at 1-2; Doc. 31-3 at 1; *Marram*

*Corp.*, 2018 WL 4346809, at \*4 (finding party did not act inconsistently with its appraisal right despite filing multiple motions because the party had not "served any written discovery, extensively litigated, or hidden its intention to invoke appraisal").

Finally, Scottsdale's argument that it has been prejudiced by Plaintiff's decision to commence litigation prior to invoking the appraisal provision is unpersuasive.   As discussed, the Policy contained no requirement that Plaintiff demand appraisal prior to commencing a law suit, and Plaintiff has not hidden its intention to seek appraisal.   *See* Doc. 2-1 at 90; Doc. 31 at 3-4; Doc. 31-1 at 2-4, 6; Doc. 31-2 at 1-2; Doc. 31-3 at 1.   Further, as Plaintiff points out, Scottsdale elected to incur certain legal fees, such as those incurred removing the case to federal court.   *See* Doc. 31 at 4.   Although Scottsdale relies on *ARI Mut. Ins. Co. v. Hogen*, 734 So.2d 574 (Fla. 3d DCA 1999) to support its position, that case is distinguishable.   *See* Doc. 26 at 5.   There, the court found an insured waived its right to appraisal by "aggressively" litigating the case for nine months before invoking the right to appraisal.   *See Hogen*, 734 So.2d at 576.   Here, Plaintiff invoked its right to appraisal less than two months after the case was removed to federal court and before any in-depth discovery or motion practice.   *See* Doc. 22 at 6; *see generally* Docket. Unpersuaded by Scottsdale's waiver and prejudice arguments, the Court recommends compelling appraisal.

Scottsdale requests that if the Court deems appraisal appropriate, the Court should require the appraisal award to "include a line itemization of damages and delineation of scope in the appraisal award."   Doc. 26 at 5.   Scottsdale argues that courts have found a line-item appraisal assists with judicial assessment of coverage disputes.   *Id.*   Plaintiff responds that the Policy "does not require any particular level of specificity in an award," and the Court cannot rewrite the parties' contract to add meaning that is not there.   Doc. 31 at 4 (citing Doc. 2-1 at 90; *Intervest*

*Constr. of Jax, Inc. v. Gen. Fid. Ins. Co.*, 133 So.3d 494, 497 (Fla. 2014)).   The Court agrees with Plaintiff.   Requiring a line-item appraisal would likely benefit the Court if a coverage dispute later arose between the parties.   *See Baldwin Realty Grp. Inc. v. Scottsdale Ins. Co.*, No. 6:18-cv-785-Orl-41DCI, 2018 WL 4381206, at *6 (M.D. Fla. Sept. 6, 2018); *McPhillips*, 2018 WL 3805865, at *3.   Because it is a tenet of contract law that the Court should not impute meaning absent from the parties' contract, however, the Court recommends enforcing the appraisal provision as it is written rather than fashioning requirements to which the parties did not agree. *See Intervest Constr. of Jax, Inc.*, 133 So.3d at 497 ("Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." (internal quotation marks omitted)).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.     Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 22) be **GRANTED**;

2.     This action be **STAYED** pending completion of the appraisal process;

3.     The parties be directed to expeditiously conduct an appraisal as prescribed by the appraisal provision of the Policy;

4.     The parties be directed to file joint status reports every ninety (90) days advising the Court of the status of the appraisal;

5.     The parties be directed to notify the Court upon completion of the appraisal process.

**DONE** and **ENTERED** in Fort Myers, Florida on this 30th day of January, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record